(34 Misc. Rep. 501.)

PEOPLE ex rel. SISTERS OF MERCY OF DIOCESE OF OGDENSBURG v. NOWLES et al., Assessors.

(Supreme Court, Special Term, Saratoga County. April, 1901.)

TAXATION—EXEMPTIONS—HOSPITALS.

    A corporation formed under Laws 1848, c. 319, and acts amendatory thereto, for the purpose of benevolent charitable work, and performing such religious work as is generally done by the Roman Catholic Sisters of Charity, is not exempt from taxation on real estate, where the articles of incorporation did not specify an intent to do either hospital or infirmary work, though such real estate is primarily devoted to the maintenance of a hospital for consumptives, and a chapel is held on the ground, and some religious instruction given; the corporation not being formed as required by Tax Law 1896, c. 908, § 4, subd. 7, in cases of exemption for the purpose of either hospital or infirmary work.

Certiorari by the people, on the relation of the Sisters of Mercy of the Diocese of Ogdensburg, against George D. Nowles and others, to review an assessment. Writ quashed.

Botsford & Cotter, for the motion.
Badger & Cantwell, opposed.

HOUGHTON, J. The relator was incorporated in 1885, under chapter 319 of the Laws of 1848 and acts amendatory thereof, and its articles of association state that it was organized for "benevolent, charitable, literary, scientific, missionary and Sunday school purposes and for mutual improvement in religious and literary knowledge," and that the principal business and objects of the association shall be "the keeping and maintaining convent and schools, teaching schools, keeping boarding schools, teaching Sunday schools, giving religious and literary instructions, visiting the sick, assisting those who need assistance, instructing and aiding poor people, teaching girls useful branches of industry and giving general instructions to females, and for no other

or different purpose." Certain missions were established in various parts of Northern New York, and, so far as appears, only such religious work was prosecuted as is ordinarily done by Sisters of Mercy connected with the Catholic Church, until the year 1895, when certain benevolent gentlemen deeded to the relator lands in the town of Brighton, Franklin county, upon condition that a hospital not to cost less than $18,000 should be erected thereon, and that the lands should be used solely for the purposes for which the relator was incorporated, namely, "charitable and educational purposes." It was further provided that the grantee should never have the right to keep any hotel or boarding house, or use any of the lands for camp or cottage purposes. The relator immediately began the erection of, and completed, at a cost of nearly $100,000, what is denominated a "hospital for consumptives," free to all denominations. The evidence shows that this hospital is managed by a number of Sisters of Charity and their novitiates, who receive nothing for their services. It is necessary, however, to hire much help in addition. From 35 to 80 patients are accommodated, about one-tenth of whom are maintained free of charge, the remainder paying from $7 to $10 per week for board, care, and medical attendance. The cost of maintenance has been greater each year than the compensation received from patients, which deficiency has been made, or is expected to be made, good by contributions from charitably disposed persons. Horses and carriages are let for hire to the guests, and such other things provided as will contribute to the comfort and convenience of the guests. While a chapel is maintained and certain instructions given to the novitiates under the charge of the resident Sisters, and instruction given to resident children, the principal and primary use to which the property is put is the maintenance of a hospital for curable and incurable consumptives. The relator claims that the property thus held by it is exempt from taxation, and the referee has so reported.

Section 3 of the tax law (chapter 908 of the Laws of 1896) provides that all real property within the state, and all personal property situated within the state, is taxable, unless exempt from taxation by law. Subdivision 7 of section 4 of that law provides as follows:

"The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for religious, Bible, tract, charitable, benevolent, missionary, hospital, infirmary, educational, scientific, literary, library, patriotic, historical or cemetery purposes, or for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes; and the personal property of any such corporation or association shall be exempt from taxation."

The section further provides that the real property of any such corporation or association entitled to such exemption, held by it exclusively for one or more of such purposes, and from which no rents, profits, or income are derived, shall be so exempt, though not in actual use therefor, by reason of the absence of suitable buildings or improvements thereon, and, further, that the real property of any such corporation not so used exclusively for carrying out thereupon one or more of such purposes, but leased or otherwise used for other purposes, shall not be exempt. In order to be entitled to the exemption,

the corporation must be organized exclusively for some of the purposes mentioned in the section, and such exemption will not be presumed. Statutes exempting property from general taxation must be strictly construed against the property holder. People v. Sayles, 32 App. Div. 200, 201, 53 N. Y. Supp. 67, affirmed on opinion below in 157 N. Y. 677, 51 N. E. 1093. The articles of incorporation of the relator do not mention "hospital" or "infirmary" work, and it is not, therefore, organized exclusively for the purpose of engaging in the charitable enterprise which it is now conducting upon the lands sought to be relieved from taxation. While the conducting of a hospital which is being maintained may be said to be a benevolent and charitable work, yet I do not think the articles of association of the relators can be construed to embrace the hospital work which they are now carrying on. The statement of the business and objects of the society shows that the persons organizing had no such work in mind. The statement is:

"That the particular business and objects of the society shall be keeping and maintaining convents and schools, teaching schools, keeping boarding schools, teaching Sunday schools, giving religious and literary instructions, visiting the sick, assisting those who need assistance, instructing and aiding poor people, teaching girls useful branches of industry and giving general instructions to females, and for no other or different purpose."

It can hardly be said that visiting the sick, and assisting those who need assistance, embrace the running of a hospital.

This construction of the articles of association of the relator makes it unnecessary to pass upon the question whether or not the maintenance of the hospital as it is maintained, if the relator was organized for that purpose, would exempt it from taxation. The relator is not organized exclusively for the purpose of maintaining the hospital which it does maintain, or at all for such purpose, and therefore does not come within the exemption provided by law for such institutions. I regret being compelled to come to this conclusion, for the relator is evidently engaged in a noble and highly-important charity. Possibly a reorganization, or amendment of its articles of association, may bring it within the exemption which it claims. The report of the referee must be denied confirmation, the writ quashed, and the prayer of the petitioner denied, and an order may be drawn accordingly. If costs were in my discretion, I should refuse costs to the defendants, but section 254 of the tax law gives me no discretion, and therefore the defendants are entitled to costs.

Ordered accordingly.